Case 13-5598 Gerald Krafsur v. Michael Davenport, et al. Oral argument, 15 minutes per side. Mr. DeVault for the appellate. May it please the court. I'm Charlton DeVault from the Kingsport, Tennessee Bar. You'll have to forgive me, your honors. I've been fighting weather and laryngitis and that type of thing. I'm here representing Mr. Gerald R. Krafsur, who is assigned as an administrative law judge to the Kingsport Social Security Office in Region 4. Mr. Cecil Vandivanna represents the Social Security Administration and the defendants here today. As your honors can tell from the brief, we're dealing with normally a pretty esoteric situation as far as I'm concerned in East Tennessee. But it appears that recently when the Supreme Court of the United States decided the Elgin v. Department of Treasury case, that it required district court judges to make a detailed analysis of the federal employee's actual status and the type of action which was taken against him before it determined that the Civil Service Reform Act precluded a 1331 federal question case over constitutional rights violations. Now, we think the key in Judge Krafsur's case is that in his current status with the second amended and supplemental complaint, he has no right of appeal to the Merit System Protection Board or to any judicial tribunal. Let me just jump in there. Yes, sir. Why didn't your client wait for the special counsel to make a determination about whether to pursue this or not? I mean, didn't your client create that particular situation? Well, we wrote a letter. My client wrote a letter to the Office of Special Counsel in January 2011 when the retaliation started and objected and asked that it be investigated. And the Office of Special Counsel never got back to us. Well, but you filed a lawsuit before they had a chance. Well, give us the timing. Tell me I'm wrong. Give me the timing that shows your client was really patient. Well, I can't. What is the timing? What's the day of the complaint, the letter? The letter was in April. Well, excuse me. The letter was in January of 2011. And we filed a lawsuit prior to that time. No, we didn't. We didn't file a lawsuit prior to that time. We filed a lawsuit thereafter, I believe. Okay. So what day was the lawsuit filed? Your Honor, I don't have that date on my brief here. I thought it was after, but I could be wrong. It was after the letter of the special counsel. But why not? I'm just really asking Judge Catholic a question. Tell us why not wait for the answer from the special counsel. Because they didn't respond at all. They didn't respond one way or the other and say they were going to consider it or they weren't going to consider it. And they still haven't responded, I take it? And they still haven't responded. Is it possible that's because the lawsuit was filed? They never have told us. They never have told us. We asked them to respond to us and tell us if they were going to investigate. They didn't, and we filed a lawsuit. Now, we didn't wait six or seven or eight months, but we did write the letter. And under the analysis in Elgin, we don't think that that's determinative of anything unless this court were to consider the possibility of an exhaustion of a remedy. In other words, the way that Elgin appears to read that constitutional claims, colorable constitutional claims, are different in quantitative terms than regular adverse actions or prohibited personnel actions. Now, you can have a personnel action or an adverse action and it not be unconstitutional. But when it is in retaliation for First and Fifth Amendment rights, the exercise of those rights, it takes a step up. And that means you have right to access to a court? We think that Elgin says that one way or the other. But isn't it true with personnel actions that you do get access to courts in non-frivolous cases? No, sir. Not on prohibited personnel actions. The lower ranking ones. The Social Security Administration has tried to say, well, everything that we did to Judge Crasher is a prohibited personnel action, not an adverse action such as suspension, discharge, demotion, cut in pay. We have one of those proceedings going on now and that's not in this case. But these three years consisted of various types of retaliatory activities by the Social Security Administration because Judge Crasher said he would not raise attorney's fees in petition cases. I just want to make sure you understand the last question I was asking and then we're on the same page. As I understand it, with prohibited personnel actions, so I think we're all in agreement that's what happened here, are there not settings where the Office of Special Counsel can refer it to the Merit Systems Protection Board? And if it goes there and the employee loses, they can appeal to the Federal Circuit. Can't that happen in some cases? It can happen, Your Honor. Okay, so that gives you access to a court. Well, the access to the court has to actually be there, not discretionary. This court in Carson, which is cited in our brief, said since it's discretionary with the Office of Special Counsel to refer it to the MSPB or not, that you really don't have a right to the MSPB or to judicial review. And that's one of the keys in this case. If we will agree that if the Office of Special Counsel had said yes, we'll investigate and did refer it to the MSPB, we would be there right now. But they never got back to us. We would also insist that if the Office of Special Counsel took the case and said, well, we're not going to do anything with it and we're not going to go to the MSPB and under the statute you can't either, then we would have a right to file a court action under 1331 and be here again as to whether or not we were precluded. The way that I read Elgin, and of course Your Honors may disagree, but the key was it's a constitutional issue. In a constitutional issue, there has to be some type of judicial review. However that is channeled, and that's what the Supreme Court opinion talks about, is channeling the judicial review in Elgin through the MSPB and on to the Federal Circuit Court of Appeals, which could rule on the constitutionality of the statute. So after Elgin, if it's an adverse employment action, you agree that even constitutional claims have to go through? MSPB. Okay. So it's just the funny thing. I take it you agree that the upshot of your claim, if you win, is that when you have constitutional claims that are about a firing, you have to go through this exclusive process. But if it's a lesser action, prohibited personnel action, the employee has a choice of going the administrative route or filing a lawsuit in his court of choice. Well, Your Honor, yes, Your Honor, except we would say that when we have a series of escalating unconstitutional personnel actions to the point of an 11-month suspension with insults and turning in his IDs and that kind of thing, a constitutional violation is not a trivial matter. It's particularly non-trivial when you get fired over it. Yes, but we do agree. We do agree that the prohibited personnel actions, if they're unconstitutional under our theory, would give the plaintiff a right to go to federal court on the constitutional issues. He has a right to have judicial review of those unconstitutional actions in front of the MSPB if it's an adverse action and also the right of review with the federal circuit. And that's where the Eldrin decision said this is important. You get a court review, you get a court review, and the Civil Service Reform Act puts it in the federal circuit. So you've got it. You don't get two bites at the apple, and we're not asking for two bites at the apple. Well, why aren't you getting two bites at the apple as we speak? You have a pending letter to the Office of Special Counsel and you have this lawsuit. Yes, but we are arguing over a 120-day proposed suspension without pay for complaints by the Social Security Administration that they say aren't related to any kind of retaliation. Still two bites at the apple, right? No. We can't recover for the stress, the physical distress, the emotional stress, the lost pay on the AWOL slips and issues. We can't recover for that in the MSPB hearing. You can recover for everything else, though. We can only recover in the MSPB hearing. We can only stop. We're not saying you get double recovery. Yes. We're saying you're getting two shots at getting one recovery. Well, the issues are the issues. That's true. That's your position. It's true that you get two chances to win because you can pursue the agency approach while you're pursuing a federal court approach. That's this case right now. We didn't have any choice with the agency approach on the MSPB. They recommended to the MSPB that he be suspended. I mean, we didn't go there voluntarily. We were forced there, so we're doing our best. We're defending the case there. So you get two bites at the apple, but one was involuntary. Still a nice bite at the apple. Well, I see where your Honor is coming from, except that the facts and the circumstances are different. What preceded the notice of suspension we can recover for in a 1331 original action. The only thing we can deal with in front of the MSPB is do not allow the 120-day suspension. So the issues are different, and it may be. They waited three years. We kept thinking they're going to do something that will get us in front of the MSPB, but they didn't. And the retaliation got worse and worse, and so there we are. That's why we had the amended complaints. Is there anything you can do to get them to, I mean, what you've got now is the merits raised there and the merits raised here. Was there anything short of the merits you could do to get mandamus them to give you some sort of a ruling before bringing the merits to federal court? Do not know. I know that in the Elgin case, the Social Security Administration changed its position and said Elgin can come in to the MSPB. We'd been trying to keep him out, but in order to avoid a 1331 action, let's bring him back in, and that was at the end of the opinion, so he had a remedy to the federal circuit. But we don't have one yet except in front of the MSPB on that one-time proposed suspension that hadn't happened yet. Just so you don't have to worry too much, I can't promise you what the Office of Special Counsel or anything is going to do, but we're not going to respond to an effort to get two bites at the apple by saying you get zero. You will get one at a minimum, maybe two. Who knows? Well, that's been our concern that three years is a long time to be retaliated against, and that's why we're here. Well, thank you. We'll hear from the government. You'll get your rebuttal. Mr. Vandevender. Thank you, Your Honor. May it please the Court. Cecil Vandevender on behalf of the defendants. Yes. One premise of the argument that I think we just heard was Judge Krafter filed a complaint with the Office of Special Counsel, but they failed to act. That's not actually accurate. To file a complaint with the Office of Special Counsel, it doesn't suffice just to send a letter to multiple people on which the office is copied. Under 5 CFR 1800.1, there are special procedures for filing an official complaint with the Office of Special Counsel, and it includes, for example, filing on a particular form called Form OSC-11. I think it's clear from... What does that mean here? Are you saying that he hasn't triggered the administrative process yet? That's correct. That's why he hasn't heard from them? That's correct. But why? I mean, forgive me, but why in the world would the government not respond to him by saying, listen, we understand you seem to be raising a complaint. Here's how you do it. That seems inexplicable to me. Well, I think the Office of Special Counsel, they enacted those regulations about how to actually file a formal complaint, probably in part because just sort of getting a letter or oral notice of a complaint, an email. There are a lot of ways in which a civil service employee could sort of put on their radar. I understand the reason for the regulations. I don't understand when someone doesn't follow them why you don't refer them to the regulations so they can comply with them. Well, I'm not sure why the Office of Special Counsel didn't respond. Are you going to invoke some kind of limitations period if he loses here? I'm not familiar with the limitations period. Aren't you comfortable saying that given the letter and the absence of a response, that it's fair to say that process has been evoked, invoked, or at least that he's a placeholder there? I think certainly if he filed an actual complaint with the Office of Special Counsel and if the defendants had some sort of limitations-based defense, then that would probably be precluded by the fact that he had taken steps to put it on the radar. There could be a placeholder. Can you assure us that the government would not assert a limitations defense if he goes back and tries to go through what you believe is a statutorily appropriate process? My only hesitation is sort of not being a member of the Social Security Administration and not necessarily having the authority to make that concession. You're a lawyer for the government. Well, I think that we can make that concession if necessary. Thank you. I don't want to have a situation where one side wants two bites and the other side says zero. Yes. It's unreasonable. Right. Let me just talk briefly then about what would have happened had an actual complaint been filed rather than simply- Why not just jump to Webster? Webster seems like the hardest part of this case. On the one hand, what helps you is you can say they're not completely eliminating the option of getting to a court. On the other hand, there's Article 2, Executive Branch Employees, discretion in the way of getting to Article 3. So what do we do about that? Well, in this particular case, I think we can actually avoid that question because I think the plaintiff concedes that if he could have gone straight to the Merit Systems Protection Board with subsequent appellate rights to the Federal Circuit, then subject matter jurisdiction would be precluded. And, in fact, he could have done that under the whistleblower provisions of 2302B. So, in fact, if I could just sort of call the court's attention to page 2 of the reply brief. Obviously, it's the complaint that controls. But on page 2, I think there's a fairly succinct summary of what it is that this case is about. And the plaintiff says, the gravamen of Judge Crafter's claim is that the job-related actions with which the defendant SSA and defendant Davenport harassed and punished him after he refused their illegal demand to award higher attorney's fees violated his First and Fifth Amendment rights. And, to me, I think that's directly within 2302B.9.D., which makes a prohibited personnel action any personnel decision that's made on the basis of a refusal to obey an illegal order. And if that falls within 2302B.9.D., then even if the Office of Special Counsel does nothing, the employee can go straight to the Merit Systems Protection Board without OSC intervention. They will handle not just claims that arise directly under the statute, but they will handle a constitutional claim that is extra statutory? Yes. And, likewise, the next sentence talks about retaliation for complaining to the Office of Special Counsel and harassment after filing a district court complaint. Those also fall within 2302B.8.B. and 2302B.9.A. And, again, those are special whistleblower exceptions that, again, take a limited subset of prohibited personnel actions and say, even if Office of Special Counsel does nothing, then you can still go to the Merit Systems Protection Board on your own. So your answer to my question was, don't worry about it. What if I still feel we have to worry about it? Well, if we do have to worry about it, I think what triggers the heightened showing in Webster or Nelgen is a statute that purports to deny any judicial relief whatsoever. I would say that this is not a statute that does that. Potentially it could be for some other types of employees who don't have any recourse to the administrative procedures, but here there's recourse to administrative procedures. It's true that for non-whistleblower claims, it has to start with a complaint to the Office of Special Counsel, who has an obligation to investigate and make a determination as to whether there are reasonable grounds that a prohibited personnel practice occurred. And certainly the fact that they could determine that there are no reasonable grounds makes it a little bit more difficult and complicated than Nelgen. But I don't think that that's dispositive. And part of the reason is that the reason you have to go through the Office of Special Counsel rather than first to the Merit Systems Protection Board is that for certain relatively minor prohibited personnel practices that don't fall within the exceptions for whistleblowing are the types of things that can happen on a daily basis to any of the millions of civil service employees. The definitions for what constitutes a personnel action are extremely capacious, as are the definitions for what can be prohibited. And so if it's the case that any employee can go straight to the Merit Systems Protection Board, that could create a backlog there, crowd out meritorious claims, and so Congress made the decision, well, there's sort of a screening mechanism in a sense. Go to Office of Special Counsel first. They are obligated to make an initial investigation and determination. So long as they find that this claim has merit, they must report it to the board and to the agency and to the Office of Personnel Management. And if the agency fails to address it, then the Office of Special Counsel can petition the board for remedial action. Just in brief response to a question about timing, the letter to OSC was sent in January of 2011, and the initial complaint was filed in June 2011. So a five-month delay. That shows some patience. Some, yes. I think under statute, the Office of Special Counsel has eight months to make its determination unless the employee agrees to an extension. So the gist would be if there were a proper complaint filed, you would have expected an answer not long after this lawsuit were filed. Absolutely, if not before. You're saying a proper complaint was not filed. That's correct. So no answer would be coming ever. That's right. It's not a surprise that they had not received an answer from OSC because no proper complaint was filed. Had they filed one, then we might not be here today. Maybe OSC would have said, we agree with you, we're referring it, or we disagree with you. I'm not sure what would have happened. But something other than this, I would imagine. We don't get too many of these cases. Maybe that's why. Unless the panel has any further questions. No, we appreciate your argument.  Counsel. Just very briefly, if it pleases the court, I understand the questions and where you're coming from on the OCS. And if we could have been assured the law has been to the contrary, that it was not a mandatory thing, it was discretionary. And if we can get to a court through the OSC, get judicial review of a constitutional claim, we would agree there would be preclusion. But the way that it's written now in the case law is we can't. That's part of the problem. So what the counsel for the government said is that maybe this requires some thinking on your part. He was suggesting that the whistleblower statute seems to cover all of your clients' complaints. I looked at that. I've done whistleblower cases under state law. And we weren't, when I use the word illegal, I do a lot of employment discrimination. Illegal in terms of the discrimination statute, illegal in terms of the constitutionality, as opposed to they're violating a specific statute that's intended to benefit the public. So I did not look at this as a whistleblowing case. But, yes, if you had a whistleblowing case over financial affairs or something like that, then it would go to the American Citizens Protection Board. But it did not appear to fit our constitutional legal arguments at all. So that was, we just disagree on that. All right. Well, listen, thanks to both of you for your helpful briefs. It's an interesting case. And we appreciate the oral arguments. Thanks to both of you. We appreciate it. And the case will be submitted. And the clerk may recess.